754

José Ramón Benítez, Plaintiff and Appellant, *v.* Tabacaleros of Aibonito, Inc., Defendant, and Federal Intermediate Credit Bank of Baltimore, Intervenor and Appellee.

No. 6879.   Argued June 9, 1936.—Decided December 22, 1936.

*Víctor M. Pons* for appellant. *Frank Martínez, E. Frank Martínez* and *M. García del Rosario* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

An action was brought on a promissory note for $678.48 issued by the defendant corporation to Pedro Rosario and endorsed by the latter to the plaintiff. To secure the judgment the plaintiff attached, on January 26, 1934, the rentals payable by three different lessees to the defendant. Judgment by default was rendered on February 21, 1934, and three days later the Federal Intermediate Credit Bank of Baltimore intervened in the action to request that the attachment be vacated, alleging that on October 19, 1933, by public deed, the defendant had acknowledged a debt to the intervenor bank amounting to $45,425.75, and bound itself to pay the same on June 30, 1934; and that as security for that obligation, the defendant assigned to the intervenor the rentals on two parcels owned by it which were mortgaged in favor of the intervenor. The alleged assignment was made in the following terms:

"The parties also stipulate that if in the future Tabacaleros de Aibonito, Inc. should lease the properties subject to this mortgage, or either of them, the rentals of the same, from the date they are payable, shall be considered as assigned to the Federal Intermediate Credit Bank of Baltimore for application, as they are received, to the debt herein acknowledged; and Tabacaleros de Aibonito, Inc. binds itself to give the proper instructions to the lessees so that they may remit the amount of said rentals directly to said Bank."

The attachment was vacated by the lower court and the plaintiff appealed. The following errors are assigned to the trial court:

1. In rendering its decision of May 22, 1934, in that it overruled the objection that the petition for leave to intervene was untimely.
2. In rendering its decision of May 22, 1934, in that it overruled the objection that the petition for leave to inter-

vene had not been served on defendant, and ordered such service.

3. In rendering its decision of May 22, 1934, in that it overruled the objection that the facts alleged in the motion to set aside the attachment do not constitute a sufficient cause to vacate the attachment as requested.

4. In rendering its final decision on September 1, 1934, in that it ordered the vacation of the attachment on the rentals paid by the General Cigar Co.

5. In rendering its decision of September 1 in that it ordered the vacation of the attachment on the rentals paid by Candelario Morales and Anastasio Noriega, inasmuch as the said rentals were not the object of the motion to set aside the attachment filed by the intervenor.

Let us examine the errors assigned:

█ 1. The procedure whereby a stranger may intervene in an action or judicial proceeding is regulated by Section 72 of the Code of Civil Procedure, which reads as follows:

"Sec. 72.—Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint."

The plaintiff argues that the intervention should have been denied because it was untimely, that is, it was requested after the default of Tabacaleros of Aibonito, Inc. had been noted and judgment entered against it.

Prior to the case of *Rodríguez & Hnos., S. en C. v. District Court,* 40 P.R.R. 839 the decisions of this court gave a

strict and restrictive construction to the provisions of Sections 72 of the Code of Civil Procedure, not permitting the intervention when requested after trial and judgment. See: *Pillot* v. *Pillot and Balestier,* 21 P.R.R. 188; *Martínez* v. *Bryan,* 24 P.R.R. 360; *Fernández* v. *Obén,* 26 P.R.R. 137; *Sabalier* v. *Iglesias et al.,* 33 P.R.R. 477.

In *Rodríguez & Hnos.* v. *District Court, supra,* a creditor who had levied an attachment subsequent to two others, requested leave to intervene after the property attached had been sold by order of the court entered in accordance with a stipulation between the two creditors who had attached before the intervenor. And this Supreme Court held:

"In any and every event the interest of the intervener in this case was not in the validity of a settlement of a claim between the plaintiff and the defendant, but in the property attached, and where there had been no actual trial, or even if there had been, a lien creditor has a right to intervene and be heard without regard to the technical provisions of Section 72. Inherent powers and other sections of the Code of Civil Procedure come into play. The right of a court to permit a lien creditor to be heard, and to dispute the proceedings where property is attached, can not be subject to doubt."

The decision which we have just cited ratified that of the case of *Mari* v. *Mari,* 26 P.R.R. 603, in which it was held for the first time in this jurisdiction that the holders of liens on property involved in litigation, or whose rights may be affected by the judgment have the right to intervene. See the cases there cited and especially 20 R.C.L. 682, sec. 20, and 2 R.C.L. 879 to 883.

Later, in *Casanova* v. *Municipal Judge,* 41 P.R.R. 841, this court held that the remedy of intervention existing in the civil law and incorporated in our statutes when the provisions of the California Code on the matter were adopted, may be utilized by a person who claims title to property attached as belonging to another person, or by a person who claims any lien on or right to the property attached; and the fact that the intervenor may bring an action to

try title *(tercería)* is no bar to his right to intervene. See *Murray* v. *Tabacaleros de Bayamón,* 43. P.R.R. 200.

There is no doubt that in accordance with the cases cited, the intervenor in the instant case had the right to intervene in the action pending from the moment that an attachment was levied on property which he claims as his own by virtue of the assignment made to him by the defendant corporation. The only thing which remains for our consideration and decision is whether or not the intervention is too late because it was made after the judgment by default was entered.

We have already seen that in the case of *Rodríguez & Hnos.* v. *District Court, supra,* this court held that "where there has been no actual trial, *or even if there had been,* a lien creditor has a right to intervene and be heard without regard to the technical provisions of Section 72." Although the phrase *even if there had been* must be considered a *dictum,* since in the case referred to in the opinion no trial whatever had been held, we believe that it is very difficult to find a substantial difference between that case and the instant case. In the case cited, the property in controversy was sold by stipulation between original parties to the suit, which was given the same effect as a judgment, before the intervention. In this case the defendant did not answer the complaint and judgment was rendered by default, before the intervention. In both cases the controversial question between the plaintiff and defendant had been settled before the intervention was filed.

The cases which we have examined seem to establish a distinction between interventions which are intended for a discussion of the merits of the controversy between the plaintiff and the defendant and those which are intended solely for the protection of the rights of the intervenor to attached property on which the judgment rendered, or which may be rendered, in the suit is sought to be executed, holding that the first kind of intervention must be made before the trial, in

accordance with the technical provisions of the statute, and that -those which refer simply to the determination of the respective rights to attached property may be made at any time, provided the intervenor acts with due diligence.

From Ruling Case Law we copy the following:

"Practically all the statutes on the subject and all rulings of the court where not controlled by statute are to the effect that the intervener must be diligent and not guilty of any unreasonable laches after knowledge of the suit, and that he has no right to delay the original parties nor retard their trial. The question sometimes arises whether an intervention may be after final judgment. If it does not relate to the merits of the question and need not delay the main action nor necessarily unsettle any judgment entered therein, an intervention may be allowed after as well as before final judgment." 20 R.C.L. 688, sec. 27.

The note which appears in 123 Am. St. Rep. pages 295 and 309 states:

"The question sometimes arises whether an intervention may be after final judgment. If it does not relate to the merits of the question, as where it is a proceeding to determine the validity of an attachment or whether specified property is subject thereto, the intervention need not delay the main action nor necessarily unsettle any judgment entered therein. Hence, in such case there is no reason why an intervention may not be after, as well as before, final judgment." (Citations.)

"We come now to the consideration of cases of the third class, namely, those in which the applicant for intervention merely claims the property attached, or some interest therein, on the ground that it was not subject to the attachment. In all cases of this class the claimant usually has a remedy by replevin or other action at law to recover either the property or its value. Nevertheless, in many of the states he is not required to resort to that remedy, but may intervene, and his intervention is treated as analogous to an action to recover possession of the property." (Citations.)

The bill of intervention in the instant case presented a single question for the consideration of the lower court, that is, whether the rentals at the time the attachment was levied, were owned by the defendant corporation or if they had

already become the property of the intervenor bank, and therefore were not subject to attachment. That question could in no way affect the principal controversy between the plaintiff and the defendant, or the judgment by default entered in the case. And we believe that the fact that that same question could also have been decided in an action to try title *(tercería)* is no bar to its decision by the lower court by means of an ordinary complaint in intervention, inasmuch as it had jurisdiction over all of the parties interested and over the property involved in the controversy. The principal purpose of the courts should be to administer justice rapidly and to avoid unnecessary litigation. The lower court used its discretion wisely in interpreting liberally the provisions of Section 72 of the Code of Civil Procedure, to decide a question over which it had jurisdiction and which in no way affected the controversy between the original parties.

2. The second error is entirely unimportant. It is true that notice of the petition for leave to intervene was not given to the defendant corporation and that the plaintiff objected to the petition for this reason. But, even assuming that the defendant was a necessary party to the intervention proceeding, the defect of failure to give notice should be considered curable, just as in the case of a demurrer for lack of necessary parties. The court cured the defect by ordering notice to be given to defendant. At any rate the error, if any was committed, could not have prejudiced the appellant in any way and must be dismissed.

3 and 4. These two errors refer to the sufficiency of the facts alleged and proved, to support the vacation of the attachment ordered by the lower court.

In support of the allegations of its petition, the intervenor presented in evidence the public deed by which Tabacaleros of Aibonito, Inc. assigned to the intervenor bank, on October 19, 1933, the rentals of the buildings mortgaged as security for the debt of the defendant to the said bank. The

said deed was not attacked in any way by the plaintiff, and the latter presented no evidence whatever to support his contentions.

According to the terms of the deed between the defendant and the bank, as soon as the two mortgaged properties should begin to produce rent, the rentals would become the property of the intervenor, to be applied to the debt. The obligation contracted by the defendant was a conditional one and the right of the bank to receive the rentals accrued as and when these became due. The following Sections of the Civil Code are applicable:

"Sec. 1067.—In conditional obligations, the acquisition of rights, as well as the extinction or loss of those already acquired, shall depend upon the event constituting the condition.

"  .      .      .      .      .      ,  .      .      .      .

"Sec. 1073.—The effects of a conditional obligation to give after the condition has been fulfilled shall be retroactive to the day on which it was constituted. Nevertheless, if the obligation should impose mutual prestations on the parties concerned, the fruits and interest for the time during which the condition has been pending shall be understood as compensating each other. Should the obligation be unilateral, the debtor shall become the owner of the fruits and interest collected, unless by reason of the nature and circumstances of the obligation it must be inferred that the will of the person constituting it was otherwise.

"In the obligations of doing or of not doing, the courts shall determine in each  case the retroactive effect of the condition fulfilled."

We hold that the lower court did not err in deciding that in accordance with the provisions of the Civil Code, *supra*, as soon as the mortgaged properties were rented the rentals became the property of the intervenor bank, by virtue of the transfer made to it by the defendant corporation, and the assignment took effect retroactively as of the date on which it was made, that is, October 19, 1933. Therefore, when the attachment was levied on January 26, 1934, the rentals in question did not belong to the defendant corporation.

■ 5. We are of the opinion that the fifth error assigned has been clearly established. In its petition the intervenor merely asked that the attachment be set aside as to the rental of $80 per month paid by the General Cigar Company Nothing was alleged and no reference exists in the evidence as to the rentals paid or payable to the defendant by Candelario Morales and Anastasio Noriega. And although it is true that the marshal states in his return that he attached the said rentals, it is also true that neither in the said return nor elsewhere in the record does it appear that such rentals were paid for the lease of the properties covered by the deed of October 19, 1933.

For the reasons stated the order appealed from is modified to be effective only as to the vacation of the attachment levied on the rentals paid by the General Cigar Company, the said attachment to remain in force as to the other rentals attached Thus modified the order is affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.